## JACKSON v. BARNES.

### Opinion delivered April 11, 1921.

VENDOR AND PURCHASER—RIGHT TO RESCIND SALE.—Where a vendor of land agreed that, if the title was not approved by the vendee's attorney, the vendor would pay the costs of a suit to quiet title, the vendee, by taking possession and cutting sixty-three trees in reliance upon the vendor's bringing a suit to remove defects pointed out by the vendee's attorney, did not accept the title as it stood, and, upon the vendor's failure to bring such suit, could sue for the value of property given in exchange, instead of suing on the covenants of warranty.

Appeal from Desha Chancery Court; *E. G. Ham-mock*, Chancellor; affirmed.

*E. E. Hopson* and *Coleman, Robinson & House,* for appellants.

1. The Omaha property was valued too high by the lower court.

2. Appellants have not broken their contracts. A merchantable title was furnished as per contract. A reasonable time after defects are found, or pointed out, to cure them. 128 Ark. 361; 126 *Id.* 498; 120 *Id.* 69; 119 *Id.* 418.

3. Appellee having entered into possession is not entitled to the relief sought. Where a purchaser has been let into possession and continued without interruption, under a paramount title, he is not, in the absence of fraud, entitled to equitable relief from the payment of the purchase money on the ground of defect of title. He must seek his remedy at law on the covenants of his deed, etc. Appellee entered into possession and is not entitled to recover until evicted. 24 Ark. 456; 21 *Id.* 588; 38 *Id.* 202. A purchaser under a deed with covenants of warranty who has entered into possession can not, so long as he retains possession, deny the vendor's title or refuse to pay the price. 24 Ark. 61; Hempstead 502; 3 Pet. 43; 1 Nott & McCord 373; 27 Ark. 588; 47 *Id.* 296. Under these decisions appellee is entitled to no relief in this suit.

*Williamson & Williamson,* for appellee.

Appellants have broken their contract. The assumed modification of the original contract by the "supplemental" contract is void as to appellee, as he did not sign it; and if he made any such agreement, it is void within the statute of frauds. 69 Ark. 513; 91 *Id.* 133.

No contract is binding without a consideration to uphold it. 26 Ark. 160; 70 *Id.* 232. No benefit accrued to appellee nor loss or damage to appellants, and there was no consideration for the assumed agreement. 101 Ark. 28.

The land is wild and unimproved. The mere cutting of timber is not possession such as to require ejectment. The cases cited by appellant are cases of adverse possession under warranty deed. Appellee never accepted the deed nor title. 49 Ark. 266; 88 *Id.* 318; 84 *Id.* 587. On the whole case the decree is equitable and just.

SMITH, J. On April 20, 1918, Jackson and Vreeland, the appellants, contracted with T. B. Barnes, the appellee, to convey to him a merchantable title to 240 acres of land in Desha County, for the sum of $9,000, a portion of which was to be paid by the conveyance of certain lots in the city of Omaha, Nebraska. On May 25 a supplemental agreement was entered into, wherein it was provided that the abstract of the title should be examined by Guy C. Reed, the attorney for Barnes; and, if the title was not approved by Reed, then appellants "agree to pay necessary costs of suit brought in district court of Desha County to quiet said title, including attorney's fee."

The abstract was submitted to Reed, who rejected the title. No suit was ever brought to confirm the title. Appellants say the suit was not brought because they were led to believe the title would be accepted without confirmation, as Barnes had taken possession of the land by cutting timber. Barnes denied he ever agreed to accept a title not approved by his attorney, and he testified that he supposed a confirmation suit would be brought, as he signed papers for that pupose prepared by appellants' attorney. He admitted cutting sixty-three trees, which measured 4,454 feet, but he testified that when he did this he "supposed a perfect title was forthcoming;" but when he found that suit had not been brought at the term of the court to which it was agreed the suit should be brought, he treated the contract as at an end and so advised appellants.

Appellants took charge of the Omaha property and sold it to innocent purchasers without notice of the terms under which it had been sold, the sale being made subject to certain outstanding incumbrances. The court

fixed the value of the Omaha property at $3,400, whereas appellants received only $1,700 at the sale made by them, and this finding of value is one of the questions raised on this appeal. The testimony on this subject is conflicting; but we are unable to say that the finding of the chancellor is clearly against the preponderance of the evidence.

We think the testimony does not support the contention that appellants had the right to assume that appellee was satisfied with the title and was willing to accept it as it stood. Nor do we agree with counsel for appellants that appellee is relegated to a suit upon his covenants of warranty contained in the deed prepared and tendered by appellants, as having accepted the land. We think there was no such taking possession as amounted to an acceptance. It is true some timber was cut, but this was done on the assumption that a merchantable title would be tendered and that the necessary steps to perfect the title had been taken. The acceptance was conditional, the condition being that the title contracted for would be furnished, and that was never done.

No objection to the value of the timber as found by the court was made. Appellants were allowed credit for the value of the timber in the decree fixing the value of the Omaha property for which judgment was rendered.

We think the court's finding that a merchantable title was not furnished as required by the contract is not clearly against the preponderance of the evidence, and the decree of the court below is therefore affirmed.